UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| SAMUEL H. WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:11CV611 RWS |
| TERRY RUSSELL, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1200783), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.75. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. §

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.75, and an average monthly balance of $.38. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.75, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as the sole defendant is Terry Russell, the Warden at ERDCC.

Plaintiff's complaint contains very generalized allegations, and he has not provided the Court with any specific dates or times or facts relating to the alleged unlawful conduct. Instead, plaintiff generally states that Warden Terry Russell is in charge at ERDCC and "it is the caseworkers and prison staff under his jurisdiction that have violated [his] constitutional rights on a daily basis." Plaintiff lists the opening of his "legal documents and mail" as one such violation, states generally that his access to courts has been restricted, and that he has been placed in "segregation" for as long as ten days at a time, during which time he is "forced" to walk around in his underwear. Plaintiff also complains that when in "the hole" he is in "lock-down" 24 hours per day and always transferred outside his cell in "restraints." Plaintiff also mentions that he believes he has been subjected to excessive force, but he fails to give any details of this purportedly unlawful conduct. Plaintiff lastly complains, generally, that when you are in "lock-down" medical will not see you unless you are "bleeding or dying."

**Discussion**

Although civil rights pleadings should be construed liberally, "[a]t the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). The case should be dismissed as frivolous because the complaint contains only conclusory allegations and fails to allege any facts, which if proved, would afford a basis for the granting of relief. Iqbal, 129 S. Ct. at 1949.

Moreover, even if the complaint did contain enough specific allegations, it would still be subject to dismissal. Plaintiff appears to want to hold defendant Russell liable under a theory of respondeat superior. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendant Russell was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Additionally, plaintiff's general complaints relating to "segregation" or "the hole" fail to state a claim under § 1983 for unconstitutional placement in administrative segregation. In order to state a claim, a prisoner "must show some difference between his new conditions in segregation and the

conditions in the general population which amounts to an atypical and significant hardship." Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff has failed to do so.

Furthermore, plaintiff's generalized allegation that someone is reading his "legal documents and mail" outside of his presence, by itself cannot state a claim for relief. "Privileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened . . . except in the presence of the prisoner." Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981). However, "[n]on-privileged inmate mail is clearly not immune to inspection, thus such inspections [of non-privileged mail] cannot give rise to civil rights violations." Id. Plaintiff has not alleged that any of the opened mail contained privileged communications. "[T]he mere fact that a letter comes from a legal source is insufficient to indicate that it is confidential and requires special treatment." Harrod v. Halford, 773 F.2d 234, 236 (8th Cir. 1985).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.75 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon

which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of April, 2011.

                                                            RODNEY W. SIPPEL
                                                            UNITED STATES DISTRICT JUDGE